U.S. Senator Campaign — Expenditure Limit — Commencement For the purpose of complying with 26 O.S. 414 [26-414] (1961), which limits primary campaign expenditures an individual begins his campaign as a candidate for United States Senator when he files his Notification and Declaration of candidacy as provided in 26 O.S. 162 [26-162] (1961). The Attorney General has had under consideration your letter of March 13, 1968, requesting an opinion. You ask: When does an individual who campaigns in Oklahoma for the office of United States Senator legally commence his primary campaign for the purposes of complying with the statutory limit of $60,000.00 in primary campaign expenditures? 26 O.S. 414 [26-414] (1961), provides in relevant part: "Candidates before any regular or special primary election or any run-off primary election held under the provisions of Title 26, Oklahoma Statutes 1951, shall be limited in the amount of expenditures or expenditures made on his behalf for each such regular or special primary election to the following respective amounts, and as to each such runoff primary election to fifty per cent (50%) thereof: "(a) Candidates for nomination for United States Senator or Governor, an amount not exceeding $60,000.00 . . . ." 26 O.S. 413 [26-413] (1961), provides in relevant part: "For the purpose of, and when used in this Act: "(a) The term `candidate' means an individual whose name is placed on the ballot at any regular primary election or runoff primary election for any county or state office or as Senator or Representative to the Congress of the United States. "(c) The term `expenditure' includes a payment, loan, deposit, gift, performance, delivery or transfer of cash or anything of value including any debt, promise or obligation incurred in furtherance of the campaign of a campaign of a candidate as defined herein." In Norris v. United States, 86 F.2d 379 (8th Cir. 1936), the court, in holding that filing was the legal act necessary to become a candidate, stated: "When appellant filed his application for a place on the ticket to be voted at the primary election, he became in effect a candidate for the office of United States Senator from Nebraska, for by that public act he expressed his desire for the office and his willingness to accept it. . . . He was running for office; he was a candidate for office citations ." Norris v. United States, supra, was quoted with approval in Willis v. City of Ft. Worth, Tex., 380 S.W.2d 814, wherein the court followed the same rule. In State v. Board of Supervisors of Elections, La., 198 So. 773, the only candidate who was listed on the ticket died prior to the election and the court held that a "write in candidate" who had not filed was not a candidate for the office and could not be elected. In so ruling, the court observed: "Besides, a candidate is not necessarily a person who actively campaigns for office." In State v. Bates, 102 Min. 104, 112 N.W. 1026, the court in holding that expenditures prior to the filing date did not have to be reported, stated: "While it is clear, however, that a man may be and usually is a candidate long before he is, and although he may never be, a nominee, the time is wholly uncertain when he becomes a candidate, in the absence of statutory determination of such time. . . . . "His candidacy must be manifested by some act of his own, the gist of which is that he holds himself out as a candidate. Very often he crosses the Ribicon when he publishes his formal announcement in the local press, or to an organization, or in any public manner. This, however, is not ordinarily necessary. . . . . "Suppose an office seeker spends money with the intention of becoming a candidate for nomination at the approaching primary election, but changes his mind and does not file. Must he make a verified statement of his expenses? Failing to do this, is he liable to prosecution for a misdemeanor? Clearly not. . . . . "As enacted, we think that the candidate for nomination upon whom are imposed penalties by the corrupt practices act is, under the direct primary election law, a person who has filed his affidavit of intention, and has thereby become a candidate for nomination under its terms. Before he becomes such candidate, he is not within the provision of the corrupt practices act." State v. Bates, supra, was quoted with approval in Adams v. Lansdon, 18 Ida. 483,110 P. 280, 285, wherein the court followed the same rule. We think that the rule of the authorities cited above is controlling in the instant inquiry especially in view of the language of the Oklahoma Campaign Expenditures Act. 26 O.S. 414 [26-414] (1961), provides that "candidates" shall be limited to expenditures of designated amounts for each primary election while Section 413, supra, provides that a "candidate" is an individual whose name is placed on the ballot at a primary election. 26 O.S. 162 [26-162] (1961), provides in part: "Any qualified elector . . . shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy." Therefore, it is the opinion of the Attorney General that for the purposes of complying with 26 O.S. 414 [26-414] (1961), which limits primary campaign expenditures an individual begins his campaign as a candidate for United States Senator when he files his Notification and Declaration of candidacy as provided in 26 O.S. 162 [26-162] (1961). (Penn Lerblance)